■ HSBC Bank USA, N.A., Respondent, v Community Parking Inc., Defendant, and Elida Pena, Appellant. [970 NYS2d 508]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 19, 2012, which granted plaintiff's motion for summary judgment in lieu of complaint against defendants Community Parking Inc. and Elida Pena and directed entry of judgment in the principal amount of $95,000, plus interest from August 24, 2011, unanimously modified, on the law, to deny plaintiff's motion as to defendant Pena, and, upon a search of the record, to grant Pena summary judgment dismissing the complaint as against her, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

In 2005, defendant Community Parking Inc. (Community) filed a business credit application (application) with plaintiff HSBC Bank USA (HSBC) to establish a line of credit in the amount of $95,000. The application was approved and the line of credit granted. However, in 2011, Community defaulted on the application. Seeking payment on the principal amount of the line of credit, as well as interest, HSBC moved for summary judgment in lieu of complaint pursuant to CPLR 3213. HSBC moved, jointly and severally, against Community and defendant-appellant Pena as the guarantor on the application. The application Pena purportedly signed contained a general liability clause stating that "each person signing below personally guarantees all of the indebtedness incurred" by the business.

The motion court granted HSBC's motion, finding that it satisfied its prima facie entitlement to summary judgment by establishing that there was a valid agreement between HSBC and Community and that Pena was the guarantor on the application. In light of the lack of opposition to Pena's motion for reargument of this Court's prior decision and order entered on March 26, 2013 (104 AD3d 595 [2013]; *see* 2013 NY Slip Op 81009[U] [2013] [decided simultaneously herewith]), and the lack of definitive evidence that Pena intended to be personally bound, we grant her motion and dismiss the complaint as against her.

The decision and order of this Court entered herein on March 26, 2013 is hereby recalled and vacated (104 AD3d 595 [2013]; *see* 2013 NY Slip Op 81009[U] [2013] [decided simultaneously herewith]). Concur—Friedman, J.P., Moskowitz, DeGrasse, Richter and Gische, JJ.